Dear Representative Gray,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is an "administrative penalty" considered a "fee" for purposesof the Administrative Procedures Act, 75 O.S. 1991 Supp.2000, §§ 250 — 323 ?
¶ 1 Since your question relates to rulemaking pursuant to the Administrative Procedures Act ("APA"), this Opinion begins with a general discussion of rulemaking.
 I. RULEMAKING PURSUANT TO THE APA
¶ 2 The APA consists of two Articles. The first Article deals with agency rulemaking and the second Article relates to individual proceedings. Unless exempted, every State agency must comply with the APA's first Article related to rulemaking. See75 O.S. Supp. 2000, § 250.4[75-250.4] (A)(1).
¶ 3 As stated in Section 250.2 (A) of the APA, Article V of the Oklahoma Constitution vests the Legislature with the power to enact laws and establish agencies and their functions. In the creation of agencies, the Legislature may delegate rulemaking authority to the agencies to "facilitate administration of legislative policy." 75 O.S. Supp. 2000, § 250.2[75-250.2] (B). An administrative agency's power to make rules under statutory authority is limited to the authority granted by those statutes and such rules may not be contrary to those statutes. See Adamsv. Prof. Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974). A "rule" is defined in the APA as "any agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency."75 O.S. Supp. 2000, § 250.3[75-250.3] (15).
 "In sum, rules are agency directives of general applicability which are designed to apply across the board to all regulated entities." Southwestern Bell Tel. Co. v. Okla. Corp. Comm'n, 873 P.2d 1001, 1016 (Okla. 1994).
 II. "FEES" WHICH ARE CONSIDERED RULES AND MUST BE PROMULGATED PURSUANT TO THE APA
¶ 4 The APA provides that the term "rule" does not include:
 [T]he approval, disapproval or prescription of rates. For purposes of this subparagraph, the term "rates" shall not include fees or charges fixed by an agency for services provided by that agency including but not limited to fees charged for licensing, permitting, inspections or publications. . . .
75 O.S. Supp. 2000, § 250.3[75-250.3] (15)(b).
¶ 5 Accordingly, any "fee" fixed by an agency for services provided by the agency, including licensing, permitting, inspections or publication, must be promulgated pursuant to the APA. On the other hand, "rates" do not have to be promulgated pursuant to the APA. If an "administrative penalty" is not considered a "fee," the rulemaking promulgation provisions of the APA do not apply. [1]
¶ 6 Neither "fee" nor "penalty" is statutorily defined under the APA. Therefore, 25 O.S. 1991, § 1[25-1] dictates that "[w]ords used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." See alsoFirst Am. Bank Trust Co. v. Okla. Indus. Fin. Auth.,951 P.2d 625, 631 (Okla. 1997). The word "fee" is commonly defined as:
 [A] fixed charge for admission (as to a museum) . . . a charge fixed by law or by an institution (as a university) for certain privileges or services [a license] . . . a charge fixed by law for the services of a public officer . . . compensation often in the form of a fixed charge for professional service or for special and requested exercise of talent or of skill (as by an artist). . . .
WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 833 (3d ed. 1993).
¶ 7 The word "penalty" is commonly defined as:
 [T]he suffering in person, rights, or property which is annexed by law or judicial decision to the commission of a crime or public offense: punishment for crime or offense: penal retribution . . . a fine . . . imposed as such a punishment. . . .
WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1668 (3d ed. 1993).
¶ 8 In other words, a "fee" can be described as a charge for which a benefit is received in return while a "penalty" involves the imposition of punishment. The common definitions evidence that the two words are not synonymous. Likewise, no Oklahoma case law has been found where a court required a State agency to pass a rule prior to assessing a statutorily authorized administrative penalty.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A statutorily authorized "administrative penalty" assessed byan agency is not a "fee" which must be promulgated pursuant tothe Administrative Procedures Act, 75 O.S. 1991 Supp. 2000, §§250 — 323.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT SMITH ASSISTANT ATTORNEY GENERAL
[1] 75 O.S. Supp. 2000, § 253[75-253](G) prohibits an agency from enacting an emergency rule which establishes or increases a fee, except in limited statutorily defined circumstances.